CHEH, d. b. a. DOUBLE JAX TAVERN, Appellant-Appellee, v. BOARD OF LIQUOR CONTROL et, Appellees-Appellants.

Ohio Appeals, Second District, Franklin County.

No. 5436. Decided June 1, 1956.

Charles T. Kaps, Columbus, Harry O. Finkelman, Middletown, for appellant-appellee.

C. William O'Neill, Atty. Genl., S. Noel Melvin, Asst. Atty. Genl., Columbus, for appellees-appellants.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By HORNBECK, J.

This is an appeal by the Board of Liquor Control from a judgment

of the Common Pleas Court finding that the order of the Board with respect to charge No. 4 is not supported by reliable, probative and substantial evidence and not in accordance with law and vacating that portion of such order. The permittee files a cross-appeal from that portion of the judgment affirming the order of the Board with respect to charge No. 2.

There were four charges against permittee, two of which, the first and the third, were dismissed after hearing. Permittee was found guilty of a violation of charge No. 2, which is:

"On March 12, 1955, you and/or your agent or employee did sell in and upon the permit premises intoxicating liquor, to wit, malt beverages in excess of 3.2% of alcohol by weight, to Charles Wesley Orth, a minor, age 19 years—in violation of provisions of the Liquor Control Act and regulations of the Board of Liquor Control."

Charge No. 4:

"On March 12, 1955, you and/or your agent or employee did knowingly allow in and upon the permit premises improper conduct in that you and your agent and/or your agent or employee did have, keep and possess lewd and obscene pictures—in violation of provisions of the Liquor Control Act and regulations of the Board of Liquor Control."

On the appeal by the Board there is but one question presented, namely, did the trial judge err in holding that the photographs possessed by permittee on the permit premises were not lewd and obscene. By the **Andrews case, 164 Oh St 275,** this appeal and the immediate questions presented were heard and decided de novo in the Common Pleas Court.

There is and always has been decided difference of opinion as to what constitutes lewd or obscene pictures, drawings or delineations of the human form. It is urged that a picture which may be brought to the attention of those who regularly frequent permit premises may be characterized as obscene when the same picture exhibited to another class of viewers might not be so characterized. We do not support this contention. A picture is, or is not, as a matter of fact, lewd or obscene, although those who inspect it may place different interpretation on its character. We have examined these pictures and according to the trial judge the prerogative assured him by the Andrews case, cannot say, as a matter of law, that he erred. One of the pictures is beyond doubt vulgar, but that it or any of the other pictures should have been classified as lewd or obscene by the trial judge, we may not hold.

We therefore affirm the judgment of the trial court on charge No. 4.

On the cross-appeal directed to charge No. 2, we have carefully read the transcript of the testimony taken before the Board. We are unable to find any factual development which would justify the Department, the Board, or the trial judge in holding that proof of violation of charge No. 2 was made.

There is no analysis in the transcript of the liquor from the bottle which was confiscated on the day of the alleged offense. Assuming that its content was a malt beverage in excess of 3.2% alcohol, there is no evidence from which inference can be drawn either that this liquor was sold to Orth, that it was in his possession or that he drank it.

Such of the judgment as relates to charge No. 2 is reversed and final judgment entered thereon for the permittee upon his cross-appeal. Such judgment as relates to charge No. 4 is affirmed.

Since the case was argued and submitted to this Court for decision, counsel for the appellant has filed a motion to strike the assignment of error and brief relating to the cross-appeal for the reason that the same was not filed in accordance with Rule VII. Such irregularity, if any, has been waived as the motion was not seasonably filed. Therefore, we do not pass upon the merits of the same.

MILLER, PJ, FESS, J, concur.